**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GREG HUGHES,**

          **Plaintiff,**

**-vs-**                             **Case No. 6:06-cv-868-Orl-19DAB**

**SPECTRUM BRANDS, INC.,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration following a fairness hearing held pursuant to the parties' report of settlement in this Fair Labor Standards Act case (Doc. No. 24). At hearing, the parties set forth the details of the settlement. For the reasons set forth herein, it is **respectfully recommended** that the settlement be **APPROVED** by the Court and the case **dismissed.**

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for both parties participating. Although neither party was present, counsel appeared and indicating that Plaintiff understood and accepted the settlement. Based on the representations of counsel at the hearing, Plaintiff claimed that he worked somewhere between 10 to 17 hours a week of unpaid overtime, and was owed approximately $5,073.00 (if the 10 hour figure was utilized) to $8,624.00 (if the 17 hour figure was used). Defendant disputed the number of overtime hours worked, and contended that Plaintiff was exempt from FLSA coverage. The parties agreed to settle the matter with Plaintiff to receive $10,000.00 in damages, plus Defendant agreed to pay 100 percent of COBRA coverage for nine months, and would not contest Plaintiff's application for unemployment benefits (Plaintiff voluntarily left his employment). The settlement also provided that Plaintiff's attorney would receive $10,000.00, calculated based on a $250 rate for approximately 40 hours of work. While higher than awards usually approved by this

Court for similar cases, Defense counsel represented at hearing that this fee is reasonable, as the case was complex and required background work.  Absent objection by any party, the Court finds the settlement to Plaintiff to be reasonable and fair, under the circumstances of this case.

It is **recommended** that the settlement be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  If adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 19, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy